# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MEYERS, | Case No. 11cv1355 BTM(WMc) |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| MERRILL LYNCH CREDIT CORP., et al. | |
| Defendants. | |

In an order filed on August 1, 2011, the Court ordered Merrill Lynch Credit Corporation ("Merrill") to show cause why this case should not be remanded. The Court explained that it appeared that the trustee, Robert E Weiss Incorporated ("Weiss"), was not fraudulently joined because Plaintiff seeks to enjoin foreclosure proceedings on his property.

Merrill opposes remand of the case, arguing that Weiss is just a "nominal defendant" and that Plaintiff has no cause of action against Weiss. The Court is not convinced by Merrill's arguments. Under Cal. Civ. Code § 2924*l*, because Weiss filed a declaration of nonmonetary status and no objection was filed, Weiss is not required to participate in the litigation and shall not be subject to any monetary awards for attorney's fees or costs. Cal. Civ. Code § 2924*l*(d). However, Weiss, in its capacity as a trustee, remains a named defendant and agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust. Cal. Civ. Code § 2924*l*(b).

     As the trustee, Weiss is a proper defendant because Plaintiff seeks to enjoin nonjudicial foreclosure proceedings on his property. Fraudulent joinder exists only when there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Graybill-Bundgard v. Standard Ins. Co., __ F.Supp.2d __, 2011 WL 2470891 (N.D. Cal. June 22, 2011) (internal quotation marks and citation omitted). Whether stated as a separate cause of action or as a prayer for relief, Plaintiff's claim for injunctive relief is properly brought against the trustee.

     Accordingly, the Court concludes that Merrill has not proven fraudulent joinder by clear and convincing evidence. Because Weiss is a non-diverse defendant, the Court does not have diversity jurisdiction over this action. Therefore, the Court **REMANDS** this case to the Superior Court of the State of California, County of San Diego. The Court's temporary restraining order is **VACATED**.

**IT IS SO ORDERED.**

DATED: August 9, 2011

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge